RICHARDS
LAYTON &
FINGER

Laura D. Hatcher
302-651-7589
Hatcher@rlf.com

September 24, 2010

**VIA CM/ECF FILING AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6100
Wilmington, DE 19801-3556

               Re:    *Warner Chilcott Company, LLC v. Mylan Pharmaceuticals, Inc.,*
                         *Civil Action No. 10-285-LPS*

Dear Judge Stark:

       Pursuant to the Court's July 12, 2010 Scheduling Order (D.I. 17), Plaintiffs Warner Chilcott Company LLC ("Warner Chilcott") and Hoffmann-La Roche, Inc. ("Roche") (collectively "Plaintiffs") and Defendant Mylan Pharmaceuticals, Inc. ("Mylan") jointly submit this status report to inform the Court about certain scheduling issues, the nature of substantive matters in this case, and the progress of discovery.

       The substantive issues in this case are the infringement and validity of U.S. Patent No. 7,192,938 ("the '938 patent"), a dosing patent that Warner Chilcott licenses from Roche covering Warner Chilcott's Once-a-Month Actonel® product. Specifically, this case arises from Mylan's filing of an Abbreviated New Drug Application with the FDA seeking permission to market a generic version of Once-a-Month Actonel®. After receiving Mylan's Paragraph IV letter contending that its proposed generic product would not infringe the '938 patent and that the '938 patent is invalid, Plaintiffs filed this infringement action on April 8, 2010 (D.I. 1), and Mylan, in turn, asserted declaratory judgment counterclaims of non-infringement and invalidity (D.I. 9).

       Procedurally, the parties wish to call the Court's attention to some scheduling discrepancies between the scheduling order entered in this action and the scheduling order governing the two related cases with which this case has been consolidated for all pretrial

The Honorable Leonard P. Stark
September 24, 2010
Page 2

purposes[1]—*Procter & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, No. 08-627-LPS ("the Teva Action") and *Procter & Gamble Co. v. Apotex, Inc.*, No. 09-143-LPS ("the Apotex Action") (collectively, "the Related Actions").[2] Although this case was consolidated with the Related Actions on July 27, 2010, no modification was made to the scheduling order in this case to bring it in lockstep with that in the Related Actions. Prior to this case's consolidation with the Related Actions, Apotex filed a Motion to Extend Deadlines (Teva Action D.I. 73), including the briefing and hearing schedule for claim construction. That motion is fully briefed and pending before Your Honor.

Since the Scheduling Order in this case was entered and the Motion to Extend Deadlines in the Related Actions was filed and briefed, however, Plaintiffs and Defendants Teva, Apotex, and Mylan have agreed in principle to dates for a unified joint scheduling order,[3] including revised dates for claim construction briefing and the *Markman* hearing. The parties expect to submit a unified proposed schedule to the Court within the next few days. Aside from dates for claim construction briefing and hearing, which would vary slightly from both the current schedule in this case and the proposal by Apotex in its Motion to Extend Deadlines, the parties expect that their proposed unified schedule will track that adopted by Your Honor in July in this (the Mylan) action. The unified proposed schedule that the parties plan to submit would obviate the issues raised in Apotex's Motion to Extend Deadlines (Teva Action D.I. 73) with the exception of the dispute between Plaintiffs and Apotex as to whether the time for propounding written discovery should be extended.

In order to facilitate bringing this action up to speed with the Related Actions, Plaintiffs and Mylan have worked cooperatively and diligently to produce documents on an accelerated schedule. Plaintiffs have produced to Mylan all documents that have been produced to Teva and Apotex in the Related Actions and have substantially completed their document

---

[1] On August 31, 2010, Plaintiffs requested that another related case involving the same core issues, *Procter & Gamble Co. v. Sun Pharma Global, Inc.*, No. 09-061-GMS ("the Sun Action"), be transferred to Your Honor from Judge Sleet (to whom it had been transferred from Judge Farnan due to a conflict with Sun's Delaware counsel). The parties await a decision on that request, and Plaintiffs would request that the Sun Action also be consolidated with the other three actions should it be transferred.

[2] Warner Chilcott is a plaintiff in this action, in contrast to The Procter & Gamble Co. ("P&G") in the Related Actions, because P&G sold its pharmaceutical business, including its license rights to the '938 patent, to Warner Chilcott on August 24, 2009 (after the commencement of the Related Actions but prior to commencement of this action). P&G's motion to substitute Warner Chilcott for P&G as plaintiff in the Related Actions, which was unopposed by Roche and Teva but opposed by Apotex, is pending and fully briefed.

[3] The one remaining dispute addressed in Apotex's Motion to Extend Deadlines is whether the time allowed for propounding written discovery should be extended. Plaintiffs opposed this aspect of Apotex's motion. (*See* Teva Action D.I. 84.)

RLF1 3612929v. 1

The Honorable Leonard P. Stark
September 24, 2010
Page 3

production,[4] and Mylan is scheduled to complete its document production substantially by October 8, 2010.  Plaintiffs and Mylan have exchanged interrogatories, including contention interrogatories, and the parties are scheduled to provide responses to one another within the next two weeks.  No depositions have yet been noticed in this action by any party (nor have any depositions yet been noticed in the Related Actions).

Should Your Honor have questions in regard to this interim status report, counsel for the parties will, of course, make themselves available by telephone or in person to discuss these issues further.

Respectfully,

/s/ Laura D. Hatcher

Laura D. Hatcher (#5098)
Hatcher@rlf.com

LDH/kdm
cc:     All Counsel of Record (via email)

---

[4] Plaintiffs' document production is substantially complete with the exception of some documents related to the sale of P&G's pharmaceutical business to Warner Chilcott, which took place during the pendency of the Related Actions.